# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARY F. McNEESE, as
Personal Representative and Spouse of
TINA MARIE McNEESE, Deceased,

      Plaintiff,

      vs.                                        1:17-cv-01164 KWR/KK

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendant's Motion for Partial Summary Judgment, filed April 26, 2019 **(Doc. 42)**. Having reviewed the parties' pleadings and applicable law, the Court finds that Defendant's motion is well-taken and therefore, is **GRANTED**.

## BACKGROUND

This is a medical negligence and wrongful death case under the Federal Tort Claims Act. Tina McNeese died from an embolic stroke caused by bacterial endocarditis. Plaintiff Mary McNeese argues that the Veterans Administration ("VA) was negligent in failing to diagnose and treat Tina McNeese's bacterial infection.

The Government seeks summary judgment on the loss of consortium claim, arguing that this Court lacks subject matter jurisdiction over that claim. Specifically, the Government argues that Plaintiff failed to administratively exhaust her remedies because she did not include the loss of consortium claim on her SF-95 claim form filed with the VA.

**LEGAL STANDARD**

A motion for summary judgment may be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. *Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id*. The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

**UNDISPUTED FACTS**

Plaintiff Mary McNeese is the surviving spouse and appointed personal representative of Tina McNeese, the decedent in this case. Plaintiff filed suit pursuant to the Federal Tort Claims Act, claiming that the VA provided negligent medical care resulting in the death of Tina McNeese.

Tina McNeese died at UNM Hospital in Albuquerque, NM on December 1, 2015, after suffering an embolic stroke the day prior at the Raymond G. Murphy Veterans Administration Medical Center, located at 1501 San Pedro, S.E. in Albuquerque, NM, 87108.

In this suit, Plaintiff alleges the VA medical center was negligent in the medical care and treatment of Tina McNeese because they failed to adhere to proper standards of medical care to diagnose and treat her medical condition, known as mitral valve prolapse, which led to her death.

Plaintiff filed her administrative claim for Damage, Injury, or Death, also known as the "SF-95" form, with the VA on April 3, 2017. In her SF-95 form, Plaintiff alleged negligence by the United States in June and July 2015 for "failure of primary care physician to diagnose bacterial endocarditis by ordinary blood culture during primary care visits… in a patient with fever or, fatigue, shortness of breath, sever (sic) dentation disease with a history of sever (sic) mitral prolapse." **Doc. 42-1.**

Plaintiff further alleged a "failure of the Veterans Administration system to grant dental consult during 2015 despite two system referrals for medically necessary dental care. Failure to treat bacterial endocarditis prophylactically and timely resulting in the patient's death." *Id.* Plaintiff's SF-95 form does not expressly mention a loss of consortium claim or loss of consortium damages. Plaintiff only requested $5,000,000 in wrongful death damages and did not make a separate request for personal injury damages or damages for loss of consortium.

Plaintiff now seeks to recover $5,000,000 in damages for loss of life and lost enjoyment of life, pain and suffering of the deceased, funeral and burial expenses, and allowable costs incurred and post-judgment interest. In the complaint, Plaintiff makes no claim for loss of consortium in the prayer for relief or anywhere else in the complaint. Plaintiff informed Defendant that she was intending to make a claim for loss of consortium damages in her responses to written discovery and in her deposition.

## DISCUSSION

I. **Federal Tort Claims Act ("FTCA")**.

"The [FTCA] is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the

3

scope of their employment." *United States v. Orleans,* 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976), *quoted in Lopez v. United States*, 823 F.3d 970, 975–76 (10th Cir. 2016).

Because the FTCA constitutes a congressional waiver of the federal government's sovereign immunity, *see Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005), Congress has imposed certain conditions on actions brought under that enactment. Plaintiff must provide notice to the United States before pursuing an FTCA action in court. *See Estate of Trentadue*, 397 F.3d at 852. In particular, an FTCA action cannot be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).

The notice and exhaustion requirements of § 2675(a) "must be strictly construed. The requirements are jurisdictional and cannot be waived." *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005); *see also Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1463 (10th Cir. 1989) ("[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." (citation omitted)).

## II. Loss of Consortium Claim was not Sufficiently Noticed.

### A. FTCA Notice Law.

The Government argues that Plaintiff failed to sufficiently notify it of her loss of consortium claim. "The jurisdictional statute, 28 U.S.C. § 2675(a), requires that claims for damages against the government [first] be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Estate of Trentadue*, 397 F.3d at 852. (citations omitted). The purpose of this requirement is "to give the agency notice of the claim, an

opportunity to investigate, and a chance to settle the claim prior to litigation." *Lopez v. United States*, 823 F.3d 970, 977 (10th Cir. 2016).

"A claim is properly presented to an agency only if the language of the claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct." *Barnes v. United* States, 707 Fed. Appx. 512, 516 (10th Cir. 2017) (internal quotation omitted). However, the notice requirement "should not be interpreted inflexibly." *Trentadue*, 397 F.3d at 852. "Several courts in this jurisdiction have ... interpreted the provision to require notice of the facts and circumstances underlying a claim rather than the exact grounds upon which plaintiff seeks to hold the government liable." *Id.*

Moreover, "[n]o statement of legal theories is required… only facts plus a demand for money." *Lopez*, 823 F.3d at 977. The form must give notice "sufficient to warrant [government] investigation of each claim." *Haceesa v. U.S.*, 309 F.3d 722, 734 (10th Cir. 2002). While this standard is flexible, "it is not the government's obligation to cast about in the wilderness for every possible source of liability lurking in an administrative claim; rather, the language of the claim itself must serve as a competent guide that, at very least, points the agency to the correct areas of inquiry." *Benally v. United States*, No. 13-CV-0604-MV-SMV, 2016 WL 3200125, at *4 (D.N.M. May 20, 2016).

   B.    **Analysis**.

Here, Plaintiff did not give sufficient notice to the Government to investigate a possible loss of consortium claim. The form fails to set forth the facts underlying a loss of consortium claim or the injury Plaintiff suffered. Box 10 of the SF-95 form instructs the claimant to "describe the nature and extent of each injury or cause of death which forms the basis of the claim." **Doc. 42-1.** Although Plaintiff described the medical negligence suffered by her wife, she did not

describe her own injury. Rather, reading the notice, it appears that Plaintiff is only asserting a wrongful death claim.

Moreover, Plaintiff failed to include a sum certain for personal injury damages relating to a loss of consortium claim. Plaintiff asserted $5,000,000 in wrongful death damages, but no personal injury damages. Since loss of consortium is a separate cause of action from wrongful death and in the nature of personal injury damages, it appears that the claim form fails to request a sum certain for Plaintiff's injury. "Loss of consortium is a type of personal injury damage because damages for consortium are damages for the plaintiff's emotional distress due to the harm to a sufficiently close relationship." *Thompson v. City of Albuquerque*, 2017-NMSC-021, ¶ 8, 397 P.3d 1279 (internal quotation marks, and citations omitted). This includes the value of the loss of the spouse's "love, care, society, companionship, and the like." *State Farm Mut. Auto. Ins. Co. v. Luebbers,* 2005-NMCA-112, ¶ 42, 138 N.M. 289, 119 P.3d 169; *Wachocki*, 2011-NMSC-039, ¶ 5. ("A loss-of-consortium claimant must demonstrate two elements in order to recover damages." The first element is that the claimant and the injured party shared a sufficiently close relationship. . . . The second element is a duty of care."). In other words, loss of consortium damages are separate from wrongful death damages. *See* New Mexico Uniform Jury Instructions (2020) 13-1830 (use notes and committee commentary for Wrongful Death damages); 13-1810A (loss of consortium claim instruction, use notes, and commentary), 13-1810B (loss of consortium damages instruction). Loss of consortium damages may not be recovered in a wrongful death cause of action, but must be sought in a separate claim. *Id.*

This Court has dismissed loss of consortium claims under similar or identical facts. *Dukert v. United States*, No. CV 14-506 WJ/WPL, 2016 WL 10721258, at *5 (D.N.M. Jan. 5, 2016) (Johnson, J.) (dismissing consortium claim where Plaintiff filed SF-95 form individually and as

personal representative, but only included damages for wrongful death); *Skeet v. United States*, No. CV 10-0107 RB/WDS, 2012 WL 12884644, at *3 (D.N.M. Jan. 23, 2012) (Brack, J.) (concluding court lacked subject matter jurisdiction over loss of consortium claim where no administrative claims mentioned loss of consortium or requested personal injury damages); *see also Wozniak v. United States*, 701 F. Supp. 259, 263 (D. Mass. 1988) (although Plaintiff filed claim individually and as administratrix, plaintiff failed to give facts underlying loss of consortium claim), *cited in Pipkin v. U.S. Postal Serv.*, 951 F.2d 272, 273 (10th Cir. 1991); *Lopez v. United States*, 823 F.3d 970, 977 (10th Cir. 2016) (dismissing negligent credentialing claim against hospital where plaintiff set forth facts showing that plaintiff was injured by negligent acts of physician, but failed to set forth facts indicating that hospital was negligent in credentialing the physician).

      **C.**     **Plaintiff's Arguments are Unavailing.**

Plaintiff argues that a loss of consortium claim was properly noticed because (1) she filed the form both individually and as the representative of the wrongful death estate, and (2) she indicated she was married under Box 5 (marital status) on the SF-95 form. Reading the notice as a whole, however, the Government would not know that Plaintiff was asserting a loss of consortium claim because she did not allege facts relevant to that claim. Moreover, because she did not claim a sum certain for personal injury damages, the SF-95 form would not have put the Government on notice to investigate any loss of consortium claim. Because she only sought wrongful death damages, it appeared that Plaintiff was only asserting a wrongful death claim.

Plaintiff appears to argue that a loss of consortium claim is derivative of a wrongful death claim, and therefore she need not set out in her notice facts underlying the loss of consortium claim. The Court disagrees. "Loss of consortium is a separate cause of action from a Wrongful

Death claim under New Mexico law." *Romero v. Byers*, 117 N.M. 422, 429, 872 P.2d 840, 847 (1994) (stating "damages for loss of consortium may not be awarded under the [New Mexico Wrongful Death] Act, but must be sued for by the spouse or the personal representative in an individual capacity."), *quoted in Thompson v. City of Albuquerque*, 2017-NMSC-021, ¶ 16, 397 P.3d 1279, 1284 ("Although claims for loss of consortium damages derive from injury to another, the claimant has also suffered a direct injury for which he or she may seek recovery separately from the underlying tort.").

Finally, Plaintiff argues that insufficient notice does not deprive the Court of subject matter jurisdiction, because she otherwise filed an SF-95 form. However, numerous cases cited above treat insufficient notice as a jurisdictional issue even when an SF-95 form is filed. *See, e.g., Benally v. United States*, No. 13-CV-0604-MV-SMV, 2016 WL 3200125, at *4 (D.N.M. May 20, 2016) ) (lack of sufficient facts in SF-95 form giving notice of medical negligence in post-operative care deprives court of subject matter jurisdiction), *aff'd,* 735 F. App'x 480 (10th Cir. 2018).

## CONCLUSION

The Court concludes that Plaintiff failed to administratively exhaust her loss of consortium claim because she failed to sufficiently notice the claim on her SF-95 form. Therefore, the Court lacks subject matter jurisdiction over the loss of consortium claim. The medical negligence and wrongful death claims remain.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Summary Judgment **(Doc. 42)** is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that the loss of consortium claim is **DISMISSED WITHOUT PREJUDICE**.

_____
KEA W. RIGGS
United States District Judge