IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

MARY F. McNEESE, as
Personal Representative and Spouse of
TINA MARIE McNEESE, Deceased,

      Plaintiff,

    vs.                                                                   No. 1:17-cv-01164-KWR-KK

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Plaintiff's Motion for Leave to file Motion for Partial Summary Judgment **(Doc. 109).** Having reviewed the parties' pleadings and applicable law, the Court finds that Plaintiff's motion is not well-taken and therefore, is **DENIED**.

## BACKGROUND

This is a medical negligence and wrongful death case under the Federal Tort Claims Act.

The Complaint states that Tina McNeese suffered from mitral valve prolapse ("MVP"), and alleges that, despite presenting to the hospital with an "accumulation of symptoms," VAMC physicians failed to properly diagnose and timely treat her for infectious endocarditis, resulting in her death. Specifically, the Complaint alleges that the various physicians should have but failed to timely ordered blood cultures, which would have identified "streptococcus sanguinis and infective endocarditis" leading to the proper course of treatment. The Complaint further alleges that the treating physicians should have identified McNeese's poor dentition as a potential source of "infectious bacterial endocarditis" (bacterial infection of the heart) and had they directed her to

appropriate dental treatment, they could subsequently have timely performed lifesaving heart valve surgery. The Complaint alleges that in 2015, during the course of her treatment, McNeese was referred twice for dental consults or dental care but the VAMC denied the referrals because she "did not meet the Veteran's Administration criteria for dental care, although the proper criteria include 'medically indicated treatment'." *See* **Compl., ¶¶ 18-21, 24, 39, 44-47.**  Plaintiff asserted claims of Negligence – Medical Malpractice (Count I) and Negligence (Count II) against VAMC.

Discovery closed on April 12, 2019, and pretrial motions were due on May 1, 2019.  **Doc. 37.**

At the scheduling conference on February 23, 2021, the parties stated they would like to file motions in limine, including *Daubert* motions.  Given that the parties were apparently confused whether *Daubert* motions constituted pretrial motions or motions in limine, the Court allowed the parties to file *Daubert* motions.  The Court entered an order setting briefing scheduling allowing the filing of *Daubert* motions by March 29, 2021.  **Doc. 89.**

Defendant filed its *Daubert* motion on March 29, 2021, and on June 7, 2021, the Court held a hearing on Defendant's Motion to Exclude Plaintiff's expert, Dr. Liss.  Defendant argued in part that Dr. Liss, an emergency medicine physician, is not qualified to offer an opinion beyond his expertise as an emergency medicine physician, i.e., to determine whether physicians or dentists in other areas adhered to the standard of care.  **Doc. 98 at 7.**  Ten days later the Court issued a written opinion granting in part and denying in part Defendant's motion to exclude Plaintiff's expert Dr. Liss.  Dr. Liss was limited to testifying about the standard of care of emergency medicine physicians.

The Court then set another scheduling conference for July 19, 2021.  Plaintiff filed a motion for summary judgment on July 9, 2021.  Defendant filed a motion strike the motion for summary

judgment on July 17, 2021.  The Court vacated the scheduling conference and reset the scheduling conference for August 18, 2021.  Plaintiff subsequently withdrew the motion for partial summary judgment.  **Doc. 107.**

Plaintiff then filed this motion for leave to file her partial motion for summary judgment two days before the August 18 scheduling conference.  **Doc. 109.**  In the motion Plaintiff asserts that she does not know what defense witness Dr. Yoo, the treating emergency medicine physician, will testify to at trial. She asserts that "[a] motion for summary judgment is an appropriate avenue for the Plaintiff to discover the nature of the Defendant's defense to the Plaintiff's claims and leave to file such a motion should be granted." **Doc. 109 at 3.**  The Court notes that it appears Plaintiff already conducted a deposition of Dr. Yoo.  **Doc. 115 at 3.**

## DISCUSSION

Plaintiff seeks leave to file a partial motion for summary judgment approximately 27 months after the pretrial motions deadline expired on May 1, 2019.  **Doc. 37.**  When a party moves for leave to file a motion after the deadline expired, the district court may allow the untimely filing if it finds good cause and "if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time… on motion made after the time has expired if the party failed to act because of excusable neglect.").  The Court concludes that Plaintiff failed to show good cause or excusable neglect.

A finding of excusable neglect depends on four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

*P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (citation omitted). "The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).

As to the first factor, the Court finds that the Defendant would be prejudiced if the Court granted the motion. The filing deadline for pretrial motions, including summary judgment motions, was May 1, 2019. **Doc. 37.**  Plaintiff filed this more than two years later on August 16, 2021. Allowing a summary judgment motion more than two years after the discovery and pretrial motions deadline expired would be prejudicial to the Government.  The Court already held scheduling conferences and the parties are preparing for trial.

Second, the Court finds that Plaintiff delayed filing this motion for 27 months. Reopening the pretrial motions deadline would substantially impact these judicial proceedings. The Court set a bench trial for January 31, 2022.  Although the Court recently vacated to schedule a criminal jury trial, the Court is in the process of rescheduling the trial with the parties.  This matter is going to trial and would be derailed by a summary judgment motion.

Third, the Court finds that Plaintiff has not articulated any reasonable justification for the 27-month delay in filing the summary judgment motion. In short, Plaintiff failed to show why this summary judgment motion could not have been filed earlier.  The Court further finds that any delay was within the reasonable control of the Plaintiff.

Plaintiff argues that she should be allowed to file her motion for summary judgment following the Court's *Daubert* ruling. The Court issued an opinion granting in part and denying in party the Government's *Daubert* motion to exclude Dr. Liss's testimony. **Doc. 98.**  The Court does not understand why a motion for summary judgment "is an appropriate avenue for the plaintiff to

discover the nature of the Defendant's defense to the Plaintiff's claims." **Doc. 109 at 3.** That is

not the purpose of summary judgment. In her motion, Plaintiff does not explain why she could

not have explored Dr. Yoo's testimony through discovery, and it appears she has already deposed.

Dr. Yoo.

Plaintiff appears to assert that the Court's ruling on Defendant's *Daubert* motion will

preclude her from presenting evidence that the cardiologists and internal medicine specialists

failed to detect her symptoms of bacteria. **Doc. 109 at 4.** She asserts that since she cannot test the

negligence of other physicians besides Dr. Yoo, she should be able to test Dr. Yoo's opinions by

a motion for summary judgment. The Government will call Dr. Yoo as a fact witness as the

decedent's treating emergency medicine physician.

Plaintiff could have filed the motion for summary judgment at any time. The Court stated

that Dr. Liss may testify as to whether Dr. Yoo breached the standard of care for an emergency

room physician. As Plaintiff admits, Dr. Yoo's liability "has always been an issue in this case."

**Doc. 117 at 3**. It is unclear why the Court's *Daubert* ruling now necessitates Plaintiff's partial

motion for summary judgment in her favor, and why she could not have filed this motion by the

pretrial motion deadline.

Plaintiff also asserts that she filed a motion for summary judgment to learn what Dr. Yoo

will testify at trial. In other words, Plaintiff seeks to get around discovery deadlines in this case -

which closed in April 2019 – by filing a summary judgment motion. That is not an appropriate

use of summary judgment. A summary judgment motion is not a discovery vehicle. To the extent

Plaintiff seeks discovery on Dr. Yoo, Plaintiff does not explain why she could not have gotten that

discovery by the discovery deadline, or moved to reopen discovery much earlier than now. It

appears that Plaintiff has already deposed Dr. Yoo.

Plaintiff asserts that a motion for summary judgment may clarify issues for trial.  That is a possibility for every summary judgment motion, and does not by itself merit a finding of excusable neglect.   Moreover, a ruling on Plaintiff's Motion for Partial Summary Judgment will not *necessarily* clarify the issues for trial.   If the Court denied Plaintiff's motion for summary judgment, the case would still proceed to trial.  For example, the Court may find a genuine dispute of material fact.

Plaintiff appears to argue that she should be allowed to file the motion because of delay in this case and the fact that the Court vacated the bench trial.  Plaintiff is responsible for prosecuting her case.  The mere fact that a trial date was vacated does not warrant granting the motion for leave to file, or else "a scheduling order would become largely meaningless once a trial has been reset; the Court does not believe this approach accords with the principles giving a trial court wide discretion to supervise the pretrial phase of a case and to control its docket." *Smith v. Hess Corp.*, No. CV 13-468 JCH/CG, 2015 WL 10845784, at *3 (D.N.M. Sept. 23, 2015).

The Court is in the process of resetting the bench trial for a date that works for the parties.  On September 10, 2021 the Court vacated the bench trial because the Court needed to set a criminal trial on that date.  The District of New Mexico is down judges and has a substantial criminal trial docket, which it is required to prioritize by statute and rule. 18 U.S.C. § 3164(a) (criminal cases "shall be accorded priority"); *see also* Fed. R. Crim. P. 50 ("Scheduling preference must be given to criminal proceedings as far as practicable.").

As to the fourth factor, both the Defendant and the Court see no indication of bad faith.

Considering these factors and the totality of the circumstances, the Court concludes that Plaintiff has not shown excusable neglect.

For similar reasons as above, good cause does not exist here either.  "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir.2014) (internal quotation marks omitted). A party may satisfy Rule 16's "good cause" requirement by showing, for instance, that the party learned new information through discovery or that the underlying law had changed. *Id.*  As explained above, Plaintiff has not shown why she could not have filed this motion on May 1, 2019, or sometime earlier in the past 27 months.  As Plaintiff admits, Dr. Yoo's negligence has always been an issue in this case, and the Court's *Daubert* ruling did not change this.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to file Motion for Partial Summary Judgment **(Doc. 109)** is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**