IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY F. McNEESE,

    Plaintiff,

v.                                                                                             Civ. No. 17-1164 MIS/KK

UNITED STATES OF AMERICA,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel a Report from Dr. Yoo on her Testimony in this Matter (Doc. 110) ("Motion"), filed August 16, 2021. Defendant filed a response in opposition to the Motion on August 30, 2021, and Plaintiff filed a reply in support of it on October 3, 2021. (Docs. 115, 122.) Having reviewed the parties' submissions, the record, and the relevant law, being otherwise fully advised, and for the reasons set forth below, the Court FINDS Plaintiff's Motion is not well taken and should be DENIED.

This case involves the alleged wrongful death of Tina Marie McNeese. (Doc. 1 at 1.) In the months leading up to her death, the decedent saw several providers at the Raymond G. Murphy Department of Veterans Affairs Medical Center, including Dr. Meela Yoo in the emergency room on April 17, 2015. (*Id.* at 3-6; Doc. 11 at 7.) The decedent ultimately died on December 1, 2015 from "an embolic stroke, due to infective endocarditis, due to Streptococcus sanguinis bacteremia." (Doc. 54-3 at 1.) Plaintiff subsequently brought this action under the Federal Tort Claims Act alleging that the decedent's providers negligently failed to diagnose and treat her conditions in a timely manner, leading to her death. (Doc. 1 at 8-9.)

Defendant listed Dr. Yoo as a witness in the parties' Joint Status Report and Provisional Discovery Plan, filed April 25, 2018, and also in its initial disclosures, served April 30, 2018. (Doc.

1

11 at 7; Doc. 12 at 1; Doc. 110-3 at 1.) In both of these documents, Defendant indicated that "Dr. Yoo may have information regarding the [decedent's] Emergency Room visit on 4/17/15." (Doc. 11 at 7; Doc. 110-3 at 1.) Plaintiff's counsel deposed Dr. Yoo on December 21, 2018. (Doc. 115 at 3.) Discovery closed on April 12, 2019,[1] and the deadline for the parties to file motions relating to discovery expired on April 19, 2019. (Doc. 37 at 1.) In the parties' proposed Pretrial Order, filed November 12, 2020, Defendant indicated that it may call Dr. Yoo as a witness at trial and stated, "[i]t is anticipated that Dr. Yoo will testify regarding her care and treatment of [the decedent] . . . consistent with her records and deposition testimony." (Doc. 86 at 18.) Plaintiff does not dispute that she received copies of Dr. Yoo's records regarding the decedent's treatment.

Nevertheless, in her Motion, Plaintiff asks the Court to compel Defendant to provide her with additional information regarding Dr. Yoo. The requested information ranges from "a statement of [Dr. Yoo's] opinions and responses" to Plaintiff's allegations, to "a report outlining [Dr. Yoo's] reasons for not detecting the possibility of bacteremia, and for not ordering blood cultures and for not referring the decedent to the infectious diseases clinic," to "a report by Dr. Yoo that complies with the requirements of Rule 26(a)(2)(B)," to "a full summary of the facts and opinions upon which Dr. Yoo is expected to testify," to "[a] summary of the factors that led to her decisions in treating and referring the decedent." (Doc. 110 at 1, 3, 5; Doc. 122 at 3.) Plaintiff also asks the Court to "h[o]ld" Defendant to its "promise" that "Dr. Yoo's testimony will not stray into issues or opinions outside of her treatment of [the decedent]." (Doc. 122 at 8.)

Plaintiff's Motion is without merit for two reasons. First, it is grossly untimely. Discovery in this matter closed on April 12, 2019, and the deadline for filing discovery motions expired on April 19, 2019. (Doc. 37 at 1.) Plaintiff filed the present Motion on August 16, 2021 and failed to demonstrate

---

[1] The Court subsequently reopened discovery "for the limited purpose of allowing Plaintiff to depose Dr. [Ernesto] Moran as a lay witness" no later than March 26, 2020. (Doc. 72 at 17-18.) However, the Court did not reopen the discovery deadline for any other purpose and did not reopen the discovery motions deadline at all.

2

good cause or excusable neglect for its untimeliness. (Doc. 110); *see* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Untimeliness alone is an adequate basis on which to deny the Motion.

Second, Defendant has unequivocally stated that it "has not identified Dr. Yoo as an expert witness and her testimony at trial will be limited to her care of [the decedent]." (Doc. 115 at 5); *see Montoya v. Sheldon*, 286 F.R.D. 602, 619 (D.N.M. 2012) (treating physician not disclosed as an expert may testify "within the province of a lay witness, to the treatment of the patient") (quotation marks omitted). As such, Defendant was simply required to disclose Dr. Yoo as an "individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(i). Defendant long ago provided this disclosure, and Plaintiff has failed to demonstrate her entitlement to anything more. In particular, Plaintiff has wholly failed to show her entitlement to an expert report from Dr. Yoo or a "summary of the facts and opinions to which [Dr. Yoo] is expected to testify." Fed. R. Civ. P. 26(a)(2). The Court will therefore deny Plaintiff's request for an order compelling Defendant to produce additional information regarding Dr. Yoo.

The Court will also deny Plaintiff's request for an anticipatory ruling on the permissible contours of Dr. Yoo's lay witness testimony. If the discovery the parties have exchanged demonstrates that Dr. Yoo's testimony is likely to exceed permissible bounds, Plaintiff may file an appropriately supported motion in limine. Likewise, if Dr. Yoo's testimony actually exceeds its permissible scope at trial, Plaintiff may make an appropriate objection. In either case, the question is properly reserved to the assigned United States District Judge who will preside over the trial.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel a Report from Dr. Yoo on her Testimony in this Matter (Doc. 110) is DENIED.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE