IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY F. MCNEESE,

    Plaintiff,

v.                                                          Civ. No. 1:17-cv-01164 MIS/KK

UNITED STATES OF AMERICA,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION
## FOR REMOTE WITNESS TESTIMONY

THIS MATTER is before the Court on Defendant's Motion for Remote Witness Testimony, filed on January 18, 2022. ECF No. 134. Plaintiff does not oppose the Motion. *Id.* at 3. Having considered the Defendant's submissions, the record, and the relevant law, the Court will grant the Motion.

The Federal Rules of Civil Procedure provide that witness testimony at trial "must be taken in open court" unless an exception applies. Fed. R. Civ. P. 43(a). The Rule adds that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by [remote means]." *Id.* The Advisory Committee Notes elaborate on the intent of the good cause standard:

> [Remote testimony] is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. . . .
>
> Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by [remote means]. The court is not bound by a stipulation, however, and can insist on live testimony. Rejection of the parties' agreement will be influenced, among other factors, by the apparent importance of the testimony in the full context of the trial.
>
> A party who could reasonably foresee the circumstances offered to justify [remote] testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

Fed. R. Civ. P. 43 advisory committee notes to 1996 amendment. In applying this standard, "[d]istrict courts have typically concluded that COVID-19-related health concerns justify requests to testify telephonically or through audiovisual means." *Legacy Church, Inc. v. Kunkel*, 472 F. Supp. 3d 926, 1023 (D.N.M. 2020) (collecting cases).

Here, this matter is set for a bench trial on April 4, 2022. ECF No. 132. Defendant timely filed its Motion requesting remote testimony due to its concerns regarding COVID-19 and its intent to call as witness medical providers from the Veterans Administration (VA). *See* ECF No. 134. The Court notes that Plaintiff does not oppose Defendant's request to allow remote testimony. *Id.* at 3. Although it is not bound by the parties' stipulation, the Court finds the stipulation weighs in favor of granting the Motion. Furthermore, the Court is aware that remote testimony has frequently been allowed by district courts in the face of the global pandemic. *See Legacy Church, Inc.*, 472 F. Supp. 3d at 1023. Although, at this point, there is nothing particularly "unexpected" about the circumstances. By the time the trial begins, courts and litigants will have been navigating the pandemic for more than two years. Nevertheless, the Court understands the present

surge of cases is expected to create additional problems for the VA medical clinic physicians, and this weighs in favor of granting the Motion.

In granting the Motion, the Court sets out the following safeguards:

1. Defense counsel will be responsible for setting up the necessary technology in advance and for understanding how to operate it properly to ensure smooth presentation of testimony at trial.

2. Counsel are advised that the Court expects remote witnesses to testify from an appropriate location. Examples of inappropriate locations include, but are not limited to: a moving vehicle, a breakroom with others present creating background noise, the operating room or other room in the presence of a patient, etc.

3. If the necessary technology fails to function properly or witnesses otherwise exhibit a lack of decorum (such as by failing to abide by the Court's second safeguard explained above), the Court will be inclined to reverse this Order, even mid-trial, and require in-person testimony at trial.

**IT IS THEREFORE ORDERED** that Defendant's unopposed Motion for Remote Witness Testimony, ECF No. 134, is **GRANTED**.

**IT IS SO ORDERED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE