## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARY F. MCNEESE,

    Plaintiff,

v.                                                                       Civ. No. 1:17-cv-01164 MIS/KK

UNITED STATES OF AMERICA,

    Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>
## <u>GRANTING DEFENDANT'S MOTION TO DISMISS</u>

THIS MATTER is before the Court on Defendant's Motion to Dismiss. ECF No. 171. Plaintiff responded, ECF No. 172,[1] and Defendant filed no reply. Having considered the parties' submissions, the record, and the relevant law, the Court will grant the Motion.

## BACKGROUND

Plaintiff, Mary McNeese, filed a Complaint on November 27, 2017, for medical negligence by personnel at the Veterans Affairs ("VA") Medical Center in Albuquerque, resulting in the death of her spouse, Tina McNeese. *See* ECF No. 1. The Complaint alleges two Counts against Defendant under the Federal Tort Claims Act ("FTCA"): negligence (medical malpractice based on failure to properly diagnose and treat Tina McNeese) and negligence (based on failure to provide dental care).[2] *Id.* at 8–10.

---

[1] Plaintiff's response incorporates by reference Plaintiff's Trial Brief Response, ECF No. 166. ECF No. 172 at 1. For purposes of the present Motion, the Court has considered the arguments in Plaintiff's Trial Brief Response as well.

[2] Count II has been dismissed by stipulation of the parties. ECF No. 158.

Prior to filing the Complaint, and as required by the FTCA, Plaintiff's attorney filed an administrative claim, on Plaintiff's behalf, with the VA by filing Standard Form 95 ("SF95"). *See* ECF No. 171-1. In the administrative claim, Plaintiff asserted claims of negligence based on three visits to VA medical personnel on three specific dates. *See id.* Shortly before trial, Defendant argued that the Court lacks subject matter jurisdiction over many of Plaintiff's claims based on lack of notice under the FTCA because Plaintiff's SF95 mentioned negligence only in association with three specific dates, while her Complaint goes beyond those dates. *See* ECF Nos. 162 at 1–6; 165. The Court took the matter under advisement and proceeded to trial. At the conclusion of trial, the Court directed counsel to file supplemental briefing on the issue of subject matter jurisdiction and the sufficiency of Plaintiff's FTCA notice and set a briefing schedule. ECF No. 168. Defendant's Motion to Dismiss is now before the Court.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). "[T]he party invoking federal jurisdiction," generally the plaintiff, "bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Rule 12(b)(1) allows defendants to raise the defense of the court's lack of subject matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F .3d 1173, 1180 (10th Cir. 2002). A facial attack "questions the sufficiency of the complaint," and when "reviewing a facial attack . . . a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001).

## DISCUSSION

The FTCA waives the sovereign immunity of the United States and allows it to be sued for certain torts. 28 U.S.C. § 2674. However, the statute contains limitations on the government's waiver of immunity. If a plaintiff does not meet the statutory notice requirement, the government's waiver of immunity does not apply, and district courts have no jurisdiction. *See* 8 U.S.C. § 2675(a); *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). The statute requires that a plaintiff first present its claim to the relevant federal agency "by filing '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Trentadue*, 397 F.3d at 852 (quoting *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir.1991)). The administrative claim must put the agency on "notice of the facts and circumstances underlying a claim rather than the exact grounds upon which plaintiff seeks to hold the government liable." *Id.* at 853. Like subject matter jurisdiction in general, the notice requirement cannot be waived. *Benally v. United States*, 735 F. App'x 480, 485 (10th Cir. 2018).

Defendant asserts that Plaintiff's notice did not provide enough information to support claims for negligence beyond the three specific dates mentioned in the administrative claim; therefore, any claims relating to care outside of those three dates must be dismissed. *See generally* ECF No. 171. In the SF95 that was submitted to the VA, Plaintiff's counsel stated the basis of the administrative claim as: "Failure of primary care physician to diagnose bacterial endocarditis by ordinary blood cultures during primary care visits on June 26, 2015, July 30, 2015, and July 9, 2015 in a patient with fever, fatigue, shortness of breath[,] sever[e] dentation disease[,] with a history of sever[e] mitral valve prolapse." ECF No. 171-1 at 1, section 8 "Basis of Claim." In the same form, under section 10, entitled, "State the Nature and Extent of Each Injury or Cause of Death, Which Forms the Basis of the Claim," Plaintiff wrote: "Failure to treat bacterial endocarditis proph[y]lactically and timely resulting in the patient[']s death." *Id.*

Section 8, the basis of claim, mentions nothing beyond Plaintiff's three visits to VA medical personnel on three very specific dates. *See id.* Even assuming that the Court should consider section 10 in its analysis of the sufficiency of Plaintiff's notice, it provides no information to suggest claims based on facts and circumstances outside of the three dates mentioned in section 8. *See id.* Just like the plaintiff's FTCA notice in *Benally* that exhibited "a laser-like focus on how [the defendant] performed her surgery," 735 F. App'x at 487, here, Plaintiff's notice reflected a laser-like focus on three specific dates. Accordingly, the Court is compelled to agree with Defendant. Based on the FTCA notice filed by Plaintiff's counsel, the Court has subject matter jurisdiction only over Plaintiff's claims that Dr. Rodriguez-Segarra (the primary care physician for Tina McNeese) was negligent on June 26, 2015, and July 30, 2015, and claims that Dr. Lin (the

hematologist/oncologist for Tina McNeese) was negligent on July 9, 2015.[3] This Court
lacks subject matter jurisdiction over all other claims due to Plaintiff's focus on three
specific dates.

Plaintiff's trial brief response appears to concede that section 8 does not provide
notice of a negligence claim beyond the three dates mentioned, but Plaintiff maintains
that section 10 remedies the problem by use of the word "prophylactically." ECF No. 166
at 2. Plaintiff argues that "[t]he above statement adequately describes the medical failures
of her physicians while she was under their treatment and the claims against them in the
complaint." *Id.* Plaintiff concludes by arguing that "if it were apparent that the [SF95] filed
back in 2015 limited the Plaintiff's claim to the primary care physicians on certain dates,
why has it taken so long for the Defendant to realize it?" *Id.* at 4.

The Court sympathizes with Plaintiff's frustration at Defendant's failure to raise the
present issue until the eve of trial. After all, the purpose of the FTCA's administrative claim
requirement is to afford the government a "fair opportunity to investigate and possibly
settle the claim before the parties must assume the burden of costly and time-consuming
litigation." *McNeil v. United States*, 508 U.S. 106, 111–12 (1993). Such purpose is not
served when the issue is not raised until the eve of trial. However, the fact that Defendant
litigated this matter by defending against the Complaint without looking back at the SF95
until trial does not change the standard for the Court's evaluation of Plaintiff's notice in
the SF95. The statement in section 10 that the VA "failed to treat bacterial endocarditis

---

[3] Dr. Rodriguez-Segarra, primary care physician for Tina McNeese, saw her on June 26, 2015, and
July 30, 2015. No medical records indicate that he saw Tina McNeese on July 9, 2015. However, records
do indicate that Tina McNeese visited her hematologist/oncologist Dr. Lin on that date.

prophylactically" simply does not provide notice of any "facts and circumstances" of negligence beyond the three dates specified in section 8.[4]

Finally, Plaintiff's response to the instant Motion points out Defendant's own summary of the claims, "Plaintiff alleges that the various providers at VAMC failed to discover that the decedent had an infection due to streptococcus sanguinis bacteria, which Plaintiff suggests originated from poor dentition." ECF No. 172 at 2. Plaintiff then states that "Defendant can hardly claim that the form did not give the government a 'fair opportunity' to investigate and possibly settle the Plaintiff's claim where from a reading of its own statement it quite clearly understands the nature and substance of the claim." *Id.* at 3. However, again, such is simply not the standard. It is not relevant that Defendant can articulate, after trial, what Plaintiff's claims in the Complaint are. The only issue is whether Plaintiff's notice in the SF95 was sufficient under the FTCA to support the claims made in the Complaint before this Court. The Court finds that it was not.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, ECF No. 171, is **GRANTED**.

**IT IS SO ORDERED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[4] It is especially worth noting that "prophylactically" means "in a way that is intended to prevent a disease." *Prophylactically*, Oxford Learner's Dictionaries, https://www.oxfordlearnersdictionaries.com/us/ definition/english/prophylactically (last visited June 24, 2022). The dictionary's example of "prophylactically" used in a sentence is: "All employees were advised to take antibiotics prophylactically." *Id.* Thus, it is unclear to the Court exactly how Plaintiff believes the addition of this adverb in section 10 should have alerted the VA to investigate any and all visits that Tina McNeese made to VA medical personnel.