IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY F. MCNEESE,

    Plaintiff,

v.                                                Civ. No. 1:17-cv-01164 MIS/KK

UNITED STATES OF AMERICA,

    Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER is before the Court on Plaintiff's Proposed Findings of Fact and Conclusions of Law, ECF No. 179; Defendant's Proposed Findings of Fact and Conclusions of Law, ECF No. 180; the bench trial held in this case on April 4–5, 2022; and the Court's prior Memorandum Opinion and Order Granting Defendant's Motion to Dismiss, ECF No. 182. Pursuant to Federal Rule of Civil Procedure 52, the Court herein sets forth its findings of fact, conclusions of law, and decision. Because the Court finds insufficient evidence to support a finding of negligence by either Dr. Rodriguez-Segarra or Dr. Lin, judgment in favor of Defendant will be entered.

## BACKGROUND

This case concerns claims brought by Plaintiff, Mary McNeese, against Defendant United States for medical negligence by personnel at the Veterans Affairs ("VA") Medical Center in Albuquerque. Plaintiff asserts that the medical negligence of VA staff resulted in the death of her spouse, Tina McNeese. Plaintiff brought forth claims, outlined as two Counts against Defendant under the Federal Tort Claims Act ("FTCA"), but Count II was

dismissed by stipulation of the parties. Plaintiff's remaining claims in Count I were for negligence, or medical malpractice based on failure to properly diagnose and treat Tina McNeese. In its trial brief, Defendant raised the issue of the Court's subject matter jurisdiction over some of Plaintiff's claims in Count I. The Court took the matter under advisement and proceeded to trial. On April 4–5, 2022, the Court held a bench trial.

At the conclusion of trial, the Court directed briefing on the issue of subject matter jurisdiction. Defendant then moved to dismiss many of Plaintiff's claims in Count I for lack of jurisdiction due to deficiencies in Plaintiff's FTCA notice. By separate Memorandum Opinion and Order, the Court granted Defendant's Motion to Dismiss. ECF No. 182. Thus, the Court need only make findings and conclusions relating to the claims that remain— Plaintiff's claims that Dr. Rodriguez-Segarra (the primary care physician for Tina McNeese) was negligent on June 26, 2015, and July 30, 2015, and claims that Dr. Lin (the hematologist/oncologist for Tina McNeese) was negligent on July 9, 2015. This Court lacks subject matter jurisdiction over all other claims.

Having heard witness testimony, reviewed the parties' exhibits accepted into evidence at trial, heard Plaintiff's and Defendant's respective arguments, and reviewed the trial pleadings and relevant law,[1] the Court makes the following findings of fact and conclusions of law. *See* Fed. R. Civ. P. 52(a).

## FINDINGS OF FACT

Following the Court's ruling on its lack of subject matter jurisdiction over most of

---

[1] The Court notes that this wrongful death case would have been a case subject to high damages, had Plaintiff prevailed. Plaintiff's testimony at trial proved that her damages would have been considerably high. Choices of Plaintiff's counsel, particularly regarding the insufficient FTCA notice (*see* ECF No. 182) and the expert witness chosen to testify at trial (*see* Trial Tr. vol. 1, 80–132), tied the Court's hands in rendering judgment for Defendant.

Plaintiff's claims, the only remaining claims alleged negligence by medical staff on June 26, 2015, July 30, 2015, and July 9, 2015. *See* ECF No. 182.

Tina McNeese visited Dr. Rodriguez-Segarra, her primary care physician, on June 26, 2015, and July 30, 2015. Exh. 1(d) USA_1195–1202; USA_1170–78.

On July 9, 2015, she visited Dr. Lin, her hematologist/oncologist. Exh. 1(h) USA_1189–93.

Plaintiff presented no expert witness to testify regarding the standard of care for either Dr. Rodriguez-Segarra or Dr. Lin.[2] *See* Trial Tr. vol. 1, 80–132.

Plaintiff presented no evidence to support a finding that negligence on the part of either doctor was so obvious that it could be found in the absence of an expert witness.

## CONCLUSIONS OF LAW

The FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). It allows a claimant to be awarded damages for personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the state where the act or omission occurred. 28 U.S.C. §§ 1346(b)(1), 2674.

Under the FTCA, the Government's liability is to be determined by applying the law of the place where the act or omission occurred. *Id.* § 1346(b). Thus, in actions brought

---

[2] Plaintiff's singular expert witness, Dr. Ronald Liss, was qualified as an expert only in emergency medicine. *See* ECF No. 98; Trial Tr. vol. 1, 132. Thus, he was not qualified to testify regarding the standard of care for a primary care physician or a hematologist/oncologist.

against the United States under the FTCA, the district court must look to and apply the law of the place where the negligent or wrongful acts occurred. *Richards v. United States*, 369 U.S. 1, 9 (1962).

New Mexico law provides that a party seeking to prevail in a medical negligence action must prove that: (1) the defendant owed the plaintiff a duty recognized by law; (2) the defendant breached this duty by deviating from the recognized standard of medical practice; and (3) the defendant's breach of this duty proximately caused the plaintiff's injuries. *Provencio v. Wenrich*, 261 P.3d 1089, 1093 (N.M. 2011); *see also Blauwkamp v. Univ. of N.M. Hosp.*, 836 P.2d 1249, 1252 (N.M. Ct. App. 1992); *Herrera v. Quality Pontiac*, 73 P.3d 181, 185–86 (N.M. 2003).

In medical negligence actions in New Mexico, the elements are usually proven through expert medical testimony due to the complexity of the issues to an ordinary lay person; and the evidence based on such testimony must establish departure from recognized standards in the community and must show to a reasonable degree of medical probability that the defendant's negligence caused the plaintiff's damages. *Lopez v. Sw. Cmty. Health Servs.*, 833 P.2d 1183, 1188 (N.M. Ct. App. 1992) ("In a medical malpractice case, because of the technical and specialized subject matter, expert medical testimony is usually required to establish departure from recognized standards in the community."); *see also Alberts v. Schultz*, 975 P.2d 1279, 1284 (N.M. 1999) (same in medical malpractice cases based on loss of chance); *Gerety v. Demers*, 589 P.2d 180, 191 (N.M. 1978) ("[I]n most medical malpractice suits, expert medical testimony must be adduced to establish a standard of care, to assess the doctor's performance in light of the standard, and to prove causation.").

Plaintiff failed to meet the burden of proof that Defendant United States breached the standard of care in treating Tina McNeese on June 26, 2015; July 9, 2015; and July 30, 2015.

Defendant United States of America is not liable to Plaintiff.

Plaintiff is not entitled to recover general damages in this matter.

Plaintiff is not entitled to recover special damages in this matter.

The Court makes its findings of fact and conclusions of law with sadness. Trial testimony revealed the beautiful, rich life that Tina McNeese led. It ended too soon.

## CONCLUSION

Based on the foregoing, it is ordered that the Clerk of Court enter judgment in favor of Defendant as to each of Plaintiff's remaining claims.

**IT IS SO ORDERED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE